UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLEN ARTHUR JACKSON,<br><br>Defendant. | Case No. 2:17-cr-00336-KJD-CWH<br><br>ORDER |

Presently before the Court is Defendant's Motion for Reconsideration (#63). The Government filed a response in opposition (#66) to which Defendant replied (#67).

I. Background

The Court finds it unnecessary to give another detailed description of Defendant's criminal history which led to his current incarceration. He was adjudicated guilty and sentenced to a term of imprisonment of 108 months, followed by lifetime supervision on April 23, 2019. The Court considered Defendant's age and health, contributions to the community and family support when it departed below the low-end of the guideline range, 151 months. His projected release date is currently June 27, 2025.

On January 25, 2021, the Court denied (#62) Defendant's motion for compassionate release. The Court based its denial upon its finding that Defendant was still a danger to the community and that extraordinary and compelling reasons did not mandate the release of Defendant. However, on April 8, 2021, the Ninth Circuit Court of Appeals clarified that under the First Step Act, U.S.S.G. § 1B1.13 is not binding on the court, where a defendant brings an 18 U.S.C. § 3582(c)(1)(A) motion to directly to the Court, as Defendant has done here. See United States v. Aruda, 993 F.3d 797, 801-802 (9th Cir. 2021). Aruda, however, held that the factors set forth in § 1B1.13 may be considered by the Court to inform its exercise of discretion. Id. at 802.

Defendant now moves for reconsideration based on the Court's prior reliance on § 1B1.13 and additional circumstances that have changed since the Court's original order. Having both reviewed the prior order and the changed circumstances, the Court finds that reconsideration under Aruda is not warranted. The Court acknowledges that the § 1B1.13 factors are advisory rather than mandatory determinations. In other words, the Court no longer "must" consider these factors, but they may inform the Court in its exercise of discretion. Here, the Court finds that consideration of the factors still counsel against compassionate release.

II. Analysis

### A. Extraordinary and Compelling Reasons

The Court has previously addressed the issues raised by Defendant regarding his risk factors. The only risk factors acknowledged by the CDC that pertain to Defendant are his age (71), obesity and hypertension. There is no doubt that these factors increase the likelihood of hospitalization or death if Defendant were to contract Covid-19 ("Covid"). However, Defendant has already contracted and recovered from Covid and now has natural antibodies to protect him from reinfection.

Further, since his original motion, Defendant has now been vaccinated against Covid which greatly reduces the risk of poor outcomes.[1] Though Defendant has needed a post-Covid, Albuterol inhaler, such an outcome is not extraordinary. Defendant correctly argues that neither vaccination nor his own natural antibodies "eliminate [his] risk for severe illness or death from COVID-19." However, the Bureau of Prisons is not required to "eliminate" either risk of infection or risk of hospitalization or death, because no one can entirely eliminate those risks. After he filed his motion for reconsideration, Defendant was transferred from the Big Spring facility to Terminal Island FCI. Currently, Terminal Island is reporting no inmate cases of Covid.

Therefore, the Court does not find extraordinary and compelling reasons warranting compassionate release.

---

[1] The Court also notes that since the filing of his motion for reconsideration, the FDA has approved a booster vaccination, particularly for those at high risk.

B. The 18 U.S.C. § 3553(a) Factors

The Court finds no reason to reconsider its prior decision that the section 3553 factors do not counsel in favor of release. Defendant has still served less than forty percent (40%) of his sentence. The Court already departed below the guidelines when it sentenced him. The Court incorporates its prior decision finding him a danger to the community. Further, he cannot complain that his incarceration was particularly severe due to the record setting 2021 winter storm in Texas, because a majority of citizens in Texas suffered without water or heat. His condition was not unique. Accordingly, the Court declines to reconsider its previous order that neither extraordinary or compelling circumstances exist requiring his compassionate release nor that the section 3553 factors counsel in favor of release.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration (#63) is **DENIED**.

Dated this 18th day of November, 2021.

Kent J. Dawson
United States District Judge